1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT,
# WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

| | |
|---|---|
| Suzanne Buckley, as an individual and on behalf of others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>Santander Consumer USA Inc.,<br><br>             Defendant. | **Case No:**<br><br>**Complaint for Damages for:**<br><br>1. **Violations of the Washington Consumer Protection Act**<br>2. **Negligence**<br>3. **Negligence Per Se**<br>4. **Breach of Fiduciary Duty**<br>5. **Intrusion Upon Seclusion**<br>6. **Breach of Contract**<br>7. **Violation of the Washington Data Breach Act**<br><br>**Jury Trial Demanded** |

## GENERAL ALLEGATIONS

1.  Plaintiff Suzanne Buckley (hereinafter "Plaintiff") is an individual currently residing in the City of Chehalis, in the State of Washington.

2.  Defendant Santander Consumer USA Inc. (hereinafter "Defendant") is a financing company and lender located in Texas and doing business in Washington.

1

2

3.   Jurisdiction of this court is proper because the incident that injured Plaintiff occurred in the State of Washington.

3

4

5

4.   Because Defendant does business within the State of Washington, personal jurisdiction is established. In addition, Defendant is a registered corporation with the Washington Secretary of State.

6

7

8

5.   Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the Chehalis, County of Lewis, State of Washington.

9

10

6.   Jurisdiction is proper in this Court pursuant to diversity jurisdiction and the Class Action Fairness Act, 28 U.S.C. §1332(d) et seq. ("CAFA").

11

12

7.   At all times relevant, Defendant conducted business within the State of Washington.

13

14

8.   Sometime before February 15, 2017, Plaintiff is alleged to have incurred certain financial obligations.

15

16

17

9.   These financial obligations originated from Defendant financing Plaintiff's vehicle purchase.

18

19

10. Sometime thereafter, but before February 15, 2017, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt to Defendant.

20

21

22

23

11. Subsequent to the alleged default, but before February 15, 2017, Plaintiff is informed and believes that either Plaintiff's account information was stolen from Defendant or Defendant assigned, placed, or otherwise transferred the alleged debt to an unauthorized third party.

24

25

26

12.  The alleged debt eventually made its way to a debt collection company called Apex National Services ("Apex"), who attempted to collect the alleged debt from Plaintiff.

27

28

13. Plaintiff discovered after paying Apex that Apex is an unauthorized or "ghost" debt collector who does not legally collect from consumers and is not licensed in the State of Washington as a debt collector.

14. Upon being notified of this alleged debt, Plaintiff began negotiations with Apex and their agent, Universal Payment Processing ("Universal").

15. After these negotiations, Plaintiff entered into an agreement with Apex and Universal to settle the entire alleged debt for $5,000.00.

16. On February 15, 2017, Plaintiff made a payment of $5,000.00 to Universal in satisfaction of the entire alleged debt.

17. On February 15, 2017, Universal sent Plaintiff a letter of confirmation of payment and settlement of the alleged debt in full.

18. Plaintiff rightfully assumed the alleged debt was satisfied and the account had been closed.

19. Surprisingly, after Plaintiff's account was allegedly satisfied, a second debt collection company, Crown Asset Management LLC ("Crown") attempted to collect the *same* debt from Plaintiff that had originated with Defendant.

20. Specifically, on or about May 16, 2017, Crown, through their attorneys, drafted a lawsuit against Plaintiff to collect the same alleged debt.

21. Crown then caused Plaintiff to be served with the debt collection lawsuit on or around the end of May 2017.

22. Plaintiff felt hopeless and frustrated because Defendant caused Plaintiff's account to be transferred to multiple debt collectors simultaneously.

23. Plaintiff was forced to hire counsel to represent her in the debt collection lawsuit brought by Crown.

24. Plaintiff was emotionally distraught that no matter what Plaintiff did, multiple debt collectors continued to attempt to collect a debt that Plaintiff had already paid.

25. Plaintiff was extremely embarrassed because Plaintiff were tricked into paying a scam debt collector because of Defendant's actions and inactions.

26. As a result of Defendant's actions and inactions, Plaintiff suffered monetary, emotional, and mental damages.

### Class Action Allegations

27. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

28. Plaintiff represents, and is a member of the Class, consisting of: All persons within the United States who had their personal information and debt accounts disclosed by Defendant to unauthorized third parties within four years prior to the filing of the Complaint.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds to thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Plaintiff and class members' private personal information was accessed invading Plaintiff and class members' privacy; Defendant has significantly increased the chance for Plaintiff and class members to have their identity stolen by another party; Defendant has caused Plaintiff and class members severe emotional distress by negligently allowing Plaintiff and class members' personal information to be stolen. Plaintiff and class members have been forced to consider purchasing credit monitoring software; Plaintiff and class members either believed they had to pay or did pay an unauthorized third party to satisfy a debt that was not satisfied after being paid; Plaintiff and the Class members were damaged thereby.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

    a.    Whether, within four years prior to the filing of the Complaint, Defendant or its agents breached their duty to keep consumers' personal information secure by failing to maintain secure servers;

    b.    Whether within four years prior to the filing of the Complaint, Defendant or its agents willfully disclosed Plaintiff and class members' personal information to unauthorized third parties;

    c.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    d.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

34. As a person whose personal identifying information and debt account was obtained by an unauthorized third party, and as a person who paid the unauthorized party, Plaintiff is asserting claims that are typical of the Class.

Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving breach of privacy violations.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Violation of the Consumer Protection Act, RCW 19.86.020

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

39. Defendant engaged in a deceptive act by causing Plaintiff and class members' personal identifying information to be disclosed to unauthorized third parties.

40. Defendant's conduct occurred in commerce during the collection   and handling of alleged debts of Plaintiff and class members.

41. Plaintiff and class members suffered emotional damages because of this conduct by Defendant.

42. Plaintiff and class members suffered monetary damages because of this conduct by Defendant..

43. As a result of each and every violation of the Washington Consumer Protection Act, Plaintiff and the class are entitled to any actual damages, costs, and attorneys fees pursuant to RCW 19.86.090.

44. Plaintiff is further requesting the trier of fact treble damages pursuant to RCW 19.86.090 due to the reprehensible nature of Defendant's conduct.

## SECOND CAUSE OF ACTION

### Negligence

45. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

46. Defendant owed a duty to Plaintiff and class members to maintain secure servers and to impede any unauthorized access to sensitive consumer information. Defendant also owed a duty to promptly and adequately investigate this breach of Plaintiff and class members' private information.

47. Defendant fell below the standard of duty owed by Defendant to Plaintiff and class members by either failing to stop an unauthorized third party from stealing Plaintiff and class members' personal information or by willfully transferring Plaintiff and class members' information to unauthorized third parties. In addition, Plaintiff are informed and believes Defendant failed to adequately and timely investigate the breach and/or willful transfer by Defendant.

48. Defendant is both the actual and legal cause of Plaintiff and class members' injuries because had Defendant properly maintained their servers and/ or not disclosed Plaintiff and class members' personal information, Plaintiff and class members would not have been damaged. In addition, Defendant's failure to adequately secure Plaintiff and class members' information and subsequent failure to thoroughly investigate were substantial factors in causing Plaintiff and class members' injuries.

49. As a proximate result of the negligence and carelessness of Defendant and the resulting injuries to Plaintiff and class members, as herein alleged, Plaintiff and class members were injured in health, emotional distress, financial worry, and the cost of paying for defense of a lawsuit, all of which injuries have caused and continue to cause Plaintiff and class members great mental, physical, and nervous pain and suffering.

## THIRD CAUSE OF ACTION

### Negligence Per Se, Wash. Rev. Code Ann. § 19.255.010(1)

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

51. Defendant owed a duty to Plaintiff and class members to develop and establish commercially reasonable procedures to protect Plaintiff and class members' identifying information from being improperly transferred or stolen.

52. Defendant fell below that standard of care by not disclosing any breach of the security of the system following discovery or notification to any Washington resident if personal information was, or is reasonably believed to have been, acquired by an unauthorized person, and the personal information was not secured.

53. Defendant fell below the standard set in Wash. Rev. Code Ann. § 19.255.010(1) by failing to conduct a reasonable

investigation once Defendant was aware of the breach and/or illegal transfer of Plaintiff and class members' information.

54. Defendant never contacted Plaintiff or class members to notify Plaintiff and class members that their information had been compromised.

55. Instead, Defendant transferred and/or assigned the debt to another party, Crown, to bring a lawsuit against Plaintiff and class members despite knowing Plaintiff and class members' debt accounts had been compromised.

56. Due to Defendant's conduct, Plaintiff and class members suffered emotional and monetary damages.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty

57. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

58. Defendant owed a fiduciary duty to Plaintiff and class members because Defendant stored and had control of Plaintiff and class members' highly sensitive personal identifying information.

59. Defendants breached their fiduciary duty to Plaintiff and class members by allowing an unauthorized third party to access Plaintiff and class members' personal identifying information.

60. Plaintiff and class members are damaged because there is now a high likelihood their identities will be stolen causing much anxiety. This anxiety will continue indefinitely as the identifying information cannot be re-secured.

61. Plaintiff and class members are damaged monetarily because Plaintiff and class members had to or worried they would have to pay twice on the same debt, or at the very least pay attorneys to help defend lawsuits for debts that have already been paid.

## FIFTH CAUSE OF ACTION

### Intrusion upon Seclusion

62. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

63. Defendant publicized Plaintiff and class members' personal identifying information by allowing multiple unauthorized third parties to access this information.

64. The information that Defendant compromised was highly sensitive personal information that, if compromised, would offend a reasonable person in Plaintiff and class members' places.

65. Plaintiff and class members' personal identifying information was not a legitimate concern to the public as it was their own respective information. The most likely people of the public that would be interested in this information are identity thieves.

## SIXTH CAUSE OF ACTION

### Breach of Contract

66. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

67. The forgoing acts and omissions constitute numerous and multiple breaches of contract.

68. Plaintiff and class members had a written agreement with Defendant  or a prior creditor regarding financing.

69. Plaintiff is informed and believes that in this written agreement, it stated Defendant would not disclose any private information to unauthorized third parties.

70. Plaintiff is informed and believes that in this written agreement, it indicated that Plaintiff would pay on the loan once, not multiple times.

71. Defendant breached this contract by disclosing Plaintiff and class members' private information to an unauthorized third party and forcing Plaintiff and class members to pay the debt accounts twice.

## SEVENTH CAUSE OF ACTION

### Violation of the Washington Data Breach Act [WASH. REV. CODE ANN. § 19.255.010(1), *et. seq.*]

72. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

73. Defendant owed a duty to Plaintiff and class members to develop and establish commercially reasonable procedures to protect Plaintiff and class members' identifying information from being improperly transferred or stolen.

74. Defendant owed a duty to disclose any breach of the security of the system following discovery or notification to any Washington resident if personal information was, or is reasonably believed to have been, acquired by an unauthorized person, and the personal information was not secured.

75. Defendant fell below that standard of care by not disclosing any breach of the security of the system to Plaintiff and class members.

76. Defendant fell below the standard set in Wash. Rev. Code Ann. § 19.255.010(1) by failing to conduct a reasonable investigation once Defendant was aware of the breach and/or illegal transfer of Plaintiff and class members' information.

77. Defendant never contacted Plaintiff or class members to notify Plaintiff and class members that their information had been compromised.

78. Instead, Defendant transferred and/or assigned the debt to another party, Crown, to bring a lawsuit against Plaintiff and class members despite knowing Plaintiff and class members' debt accounts had been compromised.

79. Due to Defendant's conduct, Plaintiff and class members suffered emotional and monetary damages.

### **PRAYER FOR RELIEF**

80. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the class members the following relief against Defendant:

1. General damages according to proof;

2. Special damages according to proof;

3. Costs of suit and Attorney's Fees; and

4. Any other and further relief that the Court considers proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

81. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group**

Date: October 11, 2017

By: */s/ Ryan L. McBride*
Ryan L. McBride
Attorneys for Plaintiff

*By: /s/ Joshua B. Swigart*
Joshua B. Swigart, Esq. (SBN 49422)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

By: */s/Abbas Kazerounian*
Abbas Kazerounian (SBN 48522)
ak@kazlg.com
Ryan L. McBride (SBN 50751)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff